IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CRISTOBAL VELASQUEZ-JIMENEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-085-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Cristobal Velasquez-Jimenez, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the REPLY, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:20-CR-073-Z, reflects the following:

On August 27, 2020, Petitioner was named in a two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (CR ECF 26). Petitioner initially entered a plea of not guilty. (CR ECF 33; CR ECF 34). Petitioner later signed a plea agreement (CR ECF 60) and factual resume (CR ECF 61). Pursuant to the plea agreement, Petitioner agreed to plead guilty to the offense charged in count one and the government agreed not to bring any additional charges based

on the conduct underlying and related to the plea and to dismiss the remaining count of the indictment. (CR ECF 60, ¶¶ 2, 9). The plea agreement stated that: Petitioner faced a term of imprisonment of ten years to life; the sentence would be determined by the Court; although Petitioner had reviewed the guidelines with his attorney, he understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines; and, Petitioner would not be allowed to withdraw his plea if his sentence was higher than expected. (*Id.* ¶¶ 3, 5). Further, Petitioner represented that there had been "no guarantees or promises from anyone as to what sentence" the Court would impose. (*Id.* ¶ 11).

On February 26, 2021, Petitioner appeared for rearraignment. He testified under oath at the hearing that: He had discussed the guidelines and sentencing factors with his attorney but understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and how they might apply in his case; the sentence was in the Court's sole discretion; he was fully satisfied with his attorney; he understood each of the essential elements of the offense to which he was pleading guilty and had committed each of them; no one had promised him anything to induce the plea; he signed the plea agreement after reviewing it with counsel; he understood he was giving up his right to appeal; he understood he faced a period of incarceration of not less than ten years or more than life; he would be bound by his plea if the sentence was more severe than he expected; and, he signed the factual resume and it was true and correct. (CR ECF 106).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 38. (CR ECF 77, ¶ 28). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 35, 36). Based on a total offense level of 35 and a criminal history category of I, his guideline imprisonment range was 168 to 210 months. (*Id.*

¶ 78). Petitioner filed objections (CR ECF 80) and the probation officer prepared an addendum to the PSR. (CR ECF 87).

The Court sentenced Petitioner to a term of imprisonment of 210 months. (CR ECF 96). He appealed despite having waived the right to do so. (CR ECF 98). His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted the motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Velasquez-Jimenez*, No. 21-10737, 2022 WL 1055176 (5th Cir. Apr. 8, 2022).

## GROUNDS OF THE MOTION

Petitioner sets forth one ground in support of his motion. He alleges that his plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. (ECF 2 at 4[1]). Specifically, his complaint is that his counsel advised him that by pleading guilty he would limit his sentence exposure to no more than 168 months' imprisonment. (ECF 3 at 2).

## STANDARDS OF REVIEW

**A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the

---

[1] The reference is to "Page 4 of 15" reflected at the top right portion of the document on the Court's electronic filing system and is used because the typewritten page numbers on the form used by Petitioner are not the actual page numbers of the document.

3

errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Petitioner's motion is grounded on the allegation that his counsel "convinced [him] to plead guilty based on his assurance that [Petitioner] would be sentenced to between 135 and 168 months' imprisonment." (ECF 4 at 3[2]). He provides no independent support for this allegation. Even if true, however, what Petitioner says does not vitiate his plea. A plea is not rendered involuntary because of a defendant's mere subjective understanding that he would receive a lesser sentence or based on an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that the plea was not knowing, intelligent, and voluntary is belied by the record. Petitioner signed a plea agreement in which he acknowledged that he had reviewed the guidelines with his attorney and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence was wholly within the Court's discretion. (CR ECF 60). Further, Petitioner represented that his plea was made freely and voluntarily and was not the result of force or threats or promises apart from those set forth in the

---

[2] The page reference is to "Page 3 of 5" reflected at the top right portion of the document on the Court's electronic filing system.

plea agreement. In particular, there had been "no guarantees or promises from anyone as to what sentence" the Court would impose. (*Id.* at ¶ 11). In addition, Petitioner testified under oath that: he had read, discussed with counsel, and signed the plea agreement; that he was not pleading guilty based on any promises by anyone other than those things written down in the plea agreement; no one had made any prediction or promise to him as to what his sentence would actually be; and, he understood that his attorney's opinion or estimate of the guideline range was not a guarantee and that the judge would determine his sentence. (CR ECF 106). His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement is entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

      Here, Petitioner's guilty plea was knowing, intelligent, and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that

he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Outside Petitioner's *ipse dixit*, he offers no support. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."). Instead, courts look to contemporaneous evidence to substantiate the defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). But, Petitioner has presented nothing and the record does not reflect that he would have gone to trial. The transcript of the rearraignment clearly reflects that Petitioner's plea was knowing, voluntary, and intelligent. And, as the government notes, Petitioner did not have a plausible chance of acquittal had he gone to trial. Rather, he would have faced loss of acceptance of responsibility and convictions on two counts instead of one. (ECF 9 at 7–8). *See United States v. Guidry*, No. 2:17-CR-00040, 2023 WL 3263450, at *5 (W.D. La. May 2, 2023) (lower offense level achieved by pleading guilty weighed against prejudice claim). In addition, the PSR informed Petitioner of the correct guideline range, yet he made no attempt to withdraw his plea or otherwise express any concern. *See Amaya-Martinez v. United States*, No. 4:22-CV-235-O, 2023 WL 2316334, at *7 (N.D. Tex. Feb. 28, 2023) (failure to attempt to withdraw guilty plea after receipt of PSR refuted allegation movant would not have pled guilty had counsel properly advised him).

## **RECOMMENDATION**

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Cristobal Velasquez-Jimenez, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on October 23, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).